ELIZABETH AND TRENTON RAILROAD COMPANY et al.,
appellants,

*v.*

TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WOODBRIDGE,
respondents.

[Argued June 24th, 1915.   Decided November 15th, 1915.]

Where a corporation, organized under the General Railroad act, filed
its survey and location and obtained the approval of the public utility
commissioners as to its project, the fact that it failed to obtain the con-
sent of the local governing body of the township, wherein one of its
termini was located, will not warrant the latter body in interfering with
the laying of the tracks within the prescribed route, and an injunction
will issue to prevent such interference.

On appeal from a decree of the court of chancery advised by
Vice-Chancellor Howell, whose opinion is reported in *84 N. J.
Eq. 72.*

*Mr. Frank Bergen,* for the appellants.

*Mr. Ephraim Cutter,* for the respondents.

The opinion of the court was delivered by

MINTURN, J.

The bill in this case was filed to restrain the township of-
ficers from interfering with the Public Service Railroad Com-
pany, in constructing a connecting track in Woodbridge avenue
at Sewaren.   The track was intended to connect the railroad
company's tracks with the tracks of a street railway in Wood-
bridge avenue, belonging to the Public Service Railway Company,
under a lease.   The connection was intended to enable the
railway company to carry its passengers without change, from

Newark to Perth Amboy. The township denied the right of the company to construct the connecting track, and to operate cars over it.

The learned vice-chancellor supported this contention, and restrained by injunction the construction of the connection, from which order this appeal has been taken.

The complainant, having been organized under the provisions of the General Railroad act, filed its survey and location in the office of the secretary of state, showing its connection with its lessor, The Elizabeth and Trenton Railroad Company, beginning in the middle of the complainant's right of way upon the complainant's land, and running on a curve to Woodbridge avenue and continuing into the avenue, ending at a point in the tracks of the street railway, within the lines of the avenue. Permission to construct the connecting tracks was obtained from the public utility commissioners, but the permission of the township authorities was neither solicited nor obtained.

The township insists that there is no legal warrant for the operation of the cars of a railroad, operating under the General Railroad act, over the tracks of a street railway company, operating under the general street railway law, and cites the case of *State* v. *Atlantic City and Shore Railroad Co., 77 N. J. Law 465*, in support of its contention.

We think the cases are not parallel. The prayer for relief in the bill is limited to the building and construction of the railroad connection. The determination in the case cited was based upon the attempt of one railroad organized under the General Railroad act to extend its operation over the line of a street railway, organized under the Street Railway act, upon the strength alone of the purchase by the former of a controlling share of the stock of the latter company. Upon the intervention of the attorney-general the attempt to so operate was declared without legal warrant.

In the case at bar, the attempt is made by the township to prevent the making of a railroad connection which under the General Railroad act, and the survey filed thereunder, as well as the approval of the public utility commissioners, the complainant is legally entitled to perfect.

In other words, the effort on the part of the complainant, as we perceive it, is not one of operation but one of construction. The issue therefore is reduced to the single inquiry whether a corporation organized under the General Railroad act, with its survey and location filed, as required by law, covering the *locus in quo,* and its project stamped with the imprimatur of the public utility commission, may connect its tracks upon a public highway, with the tracks of another railroad company, represented in its survey as one of the termini of its route, without interference from the governing body of the town where such termini is located.

The authorities quite unanimously answer this inquiry affirmatively. *Hudson Co.* v. *Central Railroad Co., 68 N. J. Eq. 500; Long Branch* v. *West End Railroad Co., 29 N. J. Eq. 566.*

The result is that the decree of the court of chancery appealed from must be reversed, to the end that an order be entered, that an injunction may issue according to the prayer of the bill.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR—13.